52

**ZHEN KUI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–0351–ag.

United States Court of Appeals,
Second Circuit.

April 11, 2007.

Benjamin B. Xue, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma; Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Kui Lin, a native and citizen of the People's Republic of China, seeks review of a December 28, 2005 order of the BIA affirming the August 3, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Kui Lin,* No. A77 121 669 (B.I.A. Dec. 28, 2005), *aff'g* No. A77 121 669 (Immig.Ct.N.Y.City, Aug. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the IJ's adverse credibility determination. First, the IJ appropriately relied on Lin's omission of his detention from his 2004 asylum application. Although this Court has found that "[A]sylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), Lin's detention went to the heart of his past persecution claim based on other resistance to a coercive population control program. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (emphasizing that inconsistencies or omissions that do not concern the basis for the asylum claim cannot form the sole basis for an adverse credibility finding). Further, in providing

the details of his asylum claim, Lin was not confined to "the small space on the form itself," when he supplemented his 2004 application with a separate statement to the IJ. *Id.* Thus, because the omission of Lin's detention was substantial and material to his asylum claim, it substantiated the IJ's credibility determination. *See id.*

■ Additionally, the IJ properly relied on Lin's failure to submit a letter from his father or his girlfriend, to support his adverse credibility finding. Lin's failure to corroborate his testimony in this manner bore on credibility, because his deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang*, 386 F.3d at 78. Further, the IJ was not required to show that such evidence was reasonably available, when the IJ did not find Lin to be otherwise credible. *See Xiao Ji Chen v. U.S.*, 471 F.3d 315, 341 (2d Cir.2006)(holding that this step is not required when the applicant is not otherwise credible). Moreover, Lin testified that both his father and his girlfriend had written statements, but the IJ was not compelled to accept his explanation why they were not available to the court. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

■ We need not consider Lin's remaining objections, because in any event, it can be confidently predicted that the IJ would reach the same decision were the case remanded. *See Xiao Ji Chen*, 471 F.3d at 339–40. Therefore, the IJ properly denied Lin's asylum claim. Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we need not reach the IJ's alternative finding that Lin failed to demonstrate past persecution or a well-founded fear of persecution if returned to China.

■ Although before the agency, Lin argued that his illegal departure was a basis for his asylum and withholding of removal claims, in his brief to this Court he argues only that his illegal departure is a basis for CAT relief. As such, we consider only the agency's finding that Lin's illegal departure did not establish eligibility for CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

We find that the IJ reasonably denied Lin's request for relief under the CAT. Although Lin testified that he would be jailed because he was smuggled out of the country, this claim, "[w]ithout more particularized evidence," did not establish that it was more likely than not that he would be "mistreated in any way" as relevant to the CAT. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160–61 (2d Cir.2005) (holding that a request for CAT relief based *solely* on the fact that the applicant is part of the large class of persons who have illegally left China was insufficient to compel a finding that the applicant was entitled to relief).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.